# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

EDDIE WEBSTER,

    Petitioner,

v.                                          CASE NO.   4:06cv43-RH/MD

JAMES R. McDONOUGH,

    Respondent.

_____/

## ORDER DENYING PETITION

    This matter is before the court on the magistrate judge's report and recommendation (document 12), and the objections thereto (document 15). I have reviewed *de novo* the issues raised by the objections. I conclude that the report and recommendation is correct and should be adopted as the opinion of the court, with this additional note.

    During jury selection in petitioner's state criminal trial, a member of the venire initially said she would return a guilty verdict only if she was certain of the defendant's guilt. The judge followed up, and the juror agreed she could apply the reasonable doubt standard as the judge explained it. Later, as the jury was being

struck, the prosecutor used a peremptory strike on this juror.  Defense counsel objected that the strike was motivated by race in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).  The prosecutor referred back to the juror's statement that she would convict if "certain" of a defendant's guilt; the prosecutor expressed a belief that the juror still felt that way.

As the report and recommendation correctly notes, the record does not indicate the racial composition of the venire or the jury and does not indicate the racial distribution of the prosecutor's other strikes.  Even so, a single race-based strike is unconstitutional.  No showing of the racial makeup of the venire or the jury or of the racial distribution of other strikes is essential to a successful *Batson* challenge; these are relevant not because they are elements of a *Batson* challenge, but because they are relevant in determining the reason for any specific strike that may be at issue.  As the report and recommendation correctly suggests, the absence of any showing on these factual questions, coupled with the absence of any other evidence that the prosecutor exercised this peremptory strike on racial grounds, means that there was no prima facie showing of a *Batson* violation. Because there is no basis now for any conclusion that any prima facie showing could have been made, there also is no showing of any ineffectiveness of counsel.

Perhaps more importantly, the prosecutor's explanation of the strike as

proffered at trial—that the potential juror at issue had said she would convict if certain of a defendant's guilt—was a legitimate, nondiscriminatory explanation sufficient to overcome even a prima facie showing under *Batson*. That the juror later told the judge she could properly apply the reasonable doubt standard meant only that she could not properly be struck for cause; it did not mean a prosecutor could not, in good faith and indeed in the exercise of good judgment, choose to strike the juror peremptorily. Considerations like this are precisely why peremptory challenges exist. The trial judge could reasonably accept this explanation, and apparently did. This record provides no support for the claim that the defense attorney provided ineffective assistance on this issue, and this record provides no support for any claim that there is anything the defense attorney could have done on this issue to bring about a different result.

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the opinion of the court. The petition challenging the conviction and sentence in the Circuit Court, Second Judicial Circuit, Leon County, Florida, case number 99-4900, is

DENIED with prejudice.  The clerk shall enter judgment accordingly and close the file.

    SO ORDERED this 11th day of September, 2007.

                                               s/Robert L. Hinkle
                                               Chief United States District Judge